UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN BRESLOW,<br><br>                            Plaintiff,<br><br>      v.<br><br>SOLAR ENERGY WORLD, *et al.,*<br><br>                            Defendants. | No. 2:21-cv-04703-JHS |

**DEFENDANT SUNRUN, INC.'S MOTION TO DISMISS**

      Defendant Sunrun, Inc. ("Sunrun"), through its undersigned attorneys, files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of this lawsuit since Sunrun was not Plaintiff's employer and for Plaintiff's failure to exhaust administrative remedies, and in support of its Motion relies upon the accompanying memorandum of law, which is incorporated herein by reference.

                                                Respectfully submitted,

                                                GORDON REES SCULLY MANSUKHANI, LLP

                                                /s/ Alexander Nemiroff
                                                Alexander Nemiroff (PA ID #92250)
                                                Jonathan Avolio (PA ID #327910)
                                                Three Logan Square
                                                1717 Arch Street, Suite 610
                                                Philadelphia, PA  19103
                                                (267) 602-2040 (phone)
                                                (215) 253-5017 (fax)
                                                anemiroff@grsm.com
                                                javolio@grsm.com

                                                *Attorneys for Defendant Sunrun, Inc.*

Dated:  December 1, 2021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN BRESLOW,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SOLAR ENERGY WORLD, *et al.*,<br><br>　　　　　　　　　　Defendants. | No. 2:21-cv-04703-JHS |

**DEFENDANT SUNRUN, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Jordan Breslow ("Plaintiff" or "Breslow"), a former employee of Solar Energy World, LLC ("SEW"), acting *pro se*, filed a Complaint in this matter on October 20, 2021 against SEW and several officers of SEW, alleging a violation of his rights under Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA"). Plaintiff has also filed this lawsuit against Sunrun, Inc. ("Sunrun"), which was not Plaintiff's employer. Further, Plaintiff did not file an administrative claim against Sunrun with the Equal Employment Opportunity Commission ("EEOC").

**I.    OVERVIEW**

Plaintiff filed a Charge of Discrimination against SEW with the EEOC on or about June 18, 2021 (Charge No. 530-2021-02878), alleging discrimination based on his religion, disability, and retaliation. *See* Charge appended to Plaintiff's Complaint (ECF No. 1 at p. 29). Plaintiff filed no administrative claim against Sunrun and did not mention or refer to Sunrun in the Charge. *See id.* On July 2, 2021, SEW submitted a Position Statement with the EEOC responding to the

2

Charge. *See* Position Statement appended to Plaintiff's Complaint, (ECF No. 1) at pp. 22-28.[1] SEW admitted it employed Breslow for less than one month. *Id.* at 22. SEW stated it is a residential and commercial solar energy company specializing in the sale and installation of renewable energy products.[2] *Id.* at 23. SEW stated it markets its services along the East Coast, with a specific focus on Maryland, Virginia, New Jersey, and Florida. *Id*. Sunrun is not mentioned in the Position Statement. *See id.* at 22-28. Plaintiff also identified SEW as his employer in the EEOC's Pre-Charge Inquiry and did not mention Sunrun. *See id.* at 102.

## II.   FACTUAL BACKGROUND[3]

Plaintiff alleges in the Complaint that SEW employed him and that SEW "retaliated against me by fabricating performance issues and wrongfully terminating me for said false issues and 'job abandonment.'" (ECF No. 1) at p. 7. Plaintiff filed a Charge with the EEOC against SEW on or about June 18, 2021, alleging discrimination based on religion, disability, and retaliation. *See* Charge appended to Plaintiff's Complaint (ECF No. 1 at p. 29). Plaintiff brought this lawsuit on October 20, 2021 against SEW alleging discrimination under Title VII and the ADA. (ECF No. 1). He also named Defendants Aloysius E. Gleeson, Tope Lala, and Geoff Mirkin because they are owners of SEW, and as officers of SEW alleges they "are responsible for the actions of its

---

[1] In making a determination on a motion to dismiss, the Court considers "only the complaint, exhibits attached to the Complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Coutinho-Silva v. Ramirez*, 2017 WL 5588211 at *2 (M.D. Pa. Nov. 2, 2017) (quoting *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010)).

[2] SEW states on its web site that it installs several solar products for various companies.

[3] Facts taken from the Complaint are considered to be true for purposes of this motion only. Sunrun reserves the right to contest the truth of each allegation in the Complaint should this motion be denied.

directors and employees." *Id.* at p. 7.  Plaintiff's sole factual allegation as to Sunrun is that "Sunrun, Inc. is named as 'Respondeat Superior" [sic] because Solar Energy World LLC was an authorized dealer of Sunrun, Inc. solar products and financing arrangements." *Id*.  Even if SEW was an authorized dealer of Sunrun's products and financing arrangements, this is not a sufficient basis to bring Title VII and/or ADA claims against Sunrun.  Further, Plaintiff filed no administrative claim against Sunrun and did not mention or refer to Sunrun in the Charge.  (ECF No. 1 at p. 29).  Accordingly, Plaintiff has failed to exhaust his administrative remedies as to Sunrun.

### III.  LEGAL STANDARD

Under *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 544, 547 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), a court considering a motion to dismiss must accept as true all well-pleaded factual allegations in a complaint, and only a complaint that states a plausible claim for relief will survive.  To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss following *Iqbal*, the Third Circuit has directed district courts to conduct a three-pronged analysis to determine the sufficiency of a complaint:  (1) a court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  *Ryliskis v. Uniontown Area Hosp.*, 2012 WL 4069557, *5 (W.D. Pa. 2012).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The "Third Circuit Rule" "permits a limitations defense to be raised by a motion under Rule 12(b)(6) . . . if the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations." *Zanaglio v. Kennedy, Inc.*, 2017 WL 3492696, *13 (W.D. Pa. 2017) (citing *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)). Where the bar is "apparent on the face of the complaint," it may afford the basis for a dismissal under Rule 12(b)(6). *Robinson*, 313 F.3d at 135. Here, the Complaint should be dismissed pursuant to Rule 12(b)(6) based on the allegations contained in the Complaint and the administrative complaint. These documents show a failure to state a claim and a failure to exhaust administrative remedies that is apparent on the face of the Complaint and Charge – requiring dismissal under Rule 12(b)(6). Plaintiff was required to exhaust his administrative remedies before filing his Complaint in this Court. *See Owens-Presley v. MCD Pizza, Inc.*, 2015 WL 4724804, *4 (E.D. Pa. Aug. 10, 2015) (quoting *Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013) (explaining that before filing suit under Title VII, a plaintiff must exhaust all administrative remedies by filing an administrative complaint with the EEOC or PHRC).

### IV.    ARGUMENT

#### A.    Sunrun Was Not Plaintiff's Employer.

Plaintiff alleges that SEW was a Sunrun vendor, but has not alleged that Sunrun was his employer. To state a Title VII claim, a plaintiff must allege an employment relationship with the defendant. *Day v. Westmoreland County*, 2021 WL 5015774 at *5 (W.D. Pa. Oct. 28, 2021) (citing *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 119 (3d Cir. 2013)). The burden of establishing an employment relationship for the purposes of Title VII claims falls upon the plaintiff. *Day*, 2021 WL 5015574 at * 5 (citing *E.E.O.C. v. Zippo Mfg. Co.*, 713 F.2d 32, 35 (3d Cir. 1983)). The term "employer" is defined in the ADA as it is in Title VII. *Cheskawich v.*

*Three Rivers Mortg Co.*, 2006 WL 2529591 at *3 (W.D. Pa. Aug. 31, 2006).  Principles developed in case law under Title VII are therefore instructive on the issue of whether an entity is an "employer." *Id*. (citing *Switalski v. International Ass'n of Bridge, Structural and Ornamental Iron Workers, Local Union 3*, 881 F. Supp. 205, 207 (E.D. Pa. 1995)).

The Third Circuit looks to the factors set forth in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 112 S. Ct. 1344, 117 L.Ed.2d 581 (1992) to determine whether an employment relationship exists.  *Covington*, 710 F.3d at 119.  The *Darden* factors "focus the employment relationship analysis on 'the level of control the defendant[s] . . . exerted over the plaintiff' " by asking whether the defendant: (1) paid the plaintiff; (2) hired or fired the plaintiff; and (3) maintained control over the plaintiff's daily activities.  *Id*.  With regard to the first *Darden* factor, Plaintiff in this case has not alleged whether he was paid by Sunrun (he was not).  Further, there have been no allegations that Sunrun hired or fired Plaintiff or that it maintained control over his daily activities (it did not). Plaintiff has alleged only that SEW "retaliated against me by fabricating performance issues and wrongfully terminating me for said false issues and "job abandonment." (ECF No. 1) at p. 7.

Plaintiff's sole factual allegation as to Sunrun is that SEW was "an authorized dealer of Sunrun, Inc. solar products and financing arrangements." *Id*.  In *Doe v. Pennsylvania*, 2021 WL 1212574 at *9 (M.D. Pa. March 31, 2021), the court recognized a Title VII claim could not be brought against a third party that was not an employer "but rather a provider or vendor of services." *Doe*, 2021 WL 1212574 at *9 (quoting *Boyden v. Conlin*, 2017 WL 5592688 at *6 (W.D. Wis. Nov. 20, 2017)).  Plaintiff has alleged no facts supporting that Sunrun was his employer.  For this reason alone, this Court should dismiss this lawsuit against Sunrun.

B.	**Plaintiff's Failure to Exhaust Administrative Remedies.**

"Federal courts lack jurisdiction to hear Title VII claims unless the plaintiff has filed charges with the EEOC." *O'Brien v. Middle East Forum*, 2021 WL 183271 at *3 (E.D. Pa. Jan. 19, 2021) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Likewise, "[a] plaintiff who brings an employment discrimination claim under the ADA must follow the administrative procedures set forth in Title VII." *Lyles v. North American Dental Group LLC*, 2021 WL 4459738 at *2 (W.D. Pa. Sept. 28, 2021) (citing 42 U.S.C. § 2000e-5 and 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA)). "That procedure begins when a charge is filed with the EEOC alleging than an employer has engaged in an unlawful employment practice." *Id.* (citing *Occidental Life Ins. Co. of California v. EEOC*, 432 U.S. 355, 359 (1977)).

Non-exhaustion of administrative remedies constitutes a ground for dismissal for failure to state a claim on which relief may be granted under Fed. R. Civ. Pro. 12(b)(6). *See Hornsby v. U.S. Postal Service*, 787 F.2d 87, 89 (3d Cir. 1986); *Itiowe v. NBC Universal Inc.*, 556 App'x 126, 128 (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 2000)). In *Itiowe*, the Third Circuit upheld the district court's dismissal of the plaintiff's ADA claim where she failed to allege that she had exhausted her administrative remedies by filing a charge with the EEOC. *Itiowe*, 556 App'x at 128.

In the present case, Plaintiff filed a Charge against SEW, but never filed an administrative claim against Sunrun. Since Plaintiff has failed to exhaust his administrative remedies as to Sunrun, Plaintiff's lawsuit against Sunrun should be dismissed.

## V. CONCLUSION

Sunrun was not Plaintiff's employer, and further, Plaintiff never filed an administrative claim against Sunrun. For these reasons, Defendant Sunrun respectfully requests that this lawsuit be dismissed as to Sunrun.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

/s/ Alexander Nemiroff
Alexander Nemiroff (PA ID #92250)
Jonathan Avolio (PA ID #327910)
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA  19103
(267) 602-2040 (phone)
(215) 253-5017 (fax)
anemiroff@grsm.com

*Attorneys for Defendant Sunrun, Inc.*

Dated:  December 1, 2021

## **CERTIFICATE OF SERVICE**

I certify that on December 1, 2021, Defendant Sunrun's Motion to Dismiss, supporting Memorandum of Law, and proposed Order were filed electronically and are available for viewing and downloading from the ECF system. Plaintiff and counsel for Defendants have consented to service through the ECF system.

                                              */s/ Alexander Nemiroff*
                                              Alexander Nemiroff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN BRESLOW,<br><br>                              Plaintiff,<br><br>v.<br><br>SOLAR ENERGY WORLD, *et al.*,<br><br>                              Defendants. | No. 2:21-cv-04703-JHS |

## ORDER

**AND NOW,** this _____ day of _____, 202__, upon consideration of Defendant Sunrun, Inc.'s Motion to Dismiss Plaintiff's Complaint and its incorporated Memorandum in Support thereof it is **ORDERED** that said motion is **GRANTED**.  Defendant Sunrun, Inc. is hereby **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
J.

10