**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JORDAN T. BRESLOW**<br>An individual,<br><br>Plaintiff,<br><br>vs.<br><br>**ALOYSIUS E. GLEESON**, an individual,<br>**TOPE LALA**, an individual,<br>**GEOFF MIRKIN**, an individual,<br>**WILLIAM MCCOLLEY**, an individual,<br>**SOLAR ENERGY WORLD, LLC**, a Maryland limited liability company,<br>**SUN RUN, INC**., a foreign business corporation,<br><br>Defendants. | CIVIL ACTION NO.: 21-04703 |

**DEFENDANTS' ALOYSIUS E. GLEESON, TOPE LALA, GEOFF MIRKIN, WILLIAM MCCOLLEY, AND SOLAR ENERGY WORLD, LLC MOTION TO STRIKE OR, ALTERNATIVELY, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

For the reasons set forth in the accompanying memorandum of law, Defendants Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, and Solar Energy World, LLC, by and through their undersigned counsel, respectfully request that this Honorable Court strike or, alternatively, deny Plaintiff's Motion for Default Judgment.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Eileen K. Keefe*
Eileen K. Keefe (PA Bar #93194)
Sarah McKinney (PA Bar #329322)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802

F: (215) 857-8196
eileen.keefe@jacksonlewis.com
sarah.mckinney@jacksonlewis.com

*Attorneys for Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, Solar Energy World, LLC*

Date: December 3, 2021

**CERTIFICATION OF SERVICE**

I hereby certify that on this 3rd day of December 2021, I caused true and correct copies of ***Defendants' Motion to Strike, or, Alternatively, Response in Opposition to Plaintiff's Motion for Default Judgment***, along with a memorandum of law, to be served upon all recipients via certified and electronic mail to:

Jordan T. Breslow
314 S. Henderson Road, #G103
King of Prussia, PA 19406

*Pro-se Plaintiff*

Alexander Nemiroff
Gordon & Rees, LLP
1717 Arch Street, Suite 610
Philadelphia, PA 19103

*Attorney for Defendant Sunrun, Inc.*

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Eileen K. Keefe*
Eileen K. Keefe (PA Bar #93194)
Sarah McKinney (PA Bar #329322)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 857-8196
eileen.keefe@jacksonlewis.com
sarah.mckinney@jacksonlewis.com

*Attorneys for Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, Solar Energy World, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JORDAN T. BRESLOW**<br>An individual,<br><br>Plaintiff,<br><br>vs.<br><br>**ALOYSIUS E. GLEESON**, an individual,<br>**TOPE LALA**, an individual,<br>**GEOFF MIRKIN**, an individual,<br>**WILLIAM MCCOLLEY**, an individual,<br>**SOLAR ENERGY WORLD, LLC**, a Maryland limited liability company,<br>**SUN RUN, INC**., a foreign business corporation,<br><br>Defendants. | CIVIL ACTION NO.: 21-04703 |

**BRIEF OF DEFENDANTS ALOYSIUS E. GLEESON, TOPE LALA, GEOFF MIRKIN, WILLIAM MCCOLLEY, AND SOLAR ENERGY WORLD, LLC IN SUPPORT OF THEIR MOTION TO STRIKE OR, ALTERNATIVELY, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Defendants[1] Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, and Solar Energy World, LLC (collectively "SEW Defendants"), by and through their undersigned counsel, respectfully reply to the arguments set forth in Plaintiff's Motion for Default Judgment as follows:

## I. INTRODUCTION

On October 20, 2021, Plaintiff filed a civil Complaint against SEW Defendants alleging violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disability Act of 1990. *See* ECF Doc. No. 1. On November 24, 2021, SEW Defendants moved for an extension of time to respond to Plaintiff's Complaint, as Plaintiff did not properly effectuate service to SEW

[1] By the filing of this motion, Defendants do not concede or waive service of process, jurisdiction as to any defendant, or any defense.

Defendants under Federal Rule of Civil Procedure 4, and good cause is shown for the reasonable extension. *See* ECF Doc. No. 9. Later the same day, Plaintiff filed a premature Motion for Default Judgment ("Motion"). *See* ECF Doc. No. 10.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits an entry of default judgment against a "properly served defendant" after the entry of a default by the Clerk of Courts. Fed. R. Civ. P. 55(a); *see Otero v. Wang*, 2021 LEXIS 69113, at *3 (E.D. Pa. Apr. 9, 2021). Rule 55 defines default as failure to "plead or otherwise defend." Fed. R. Civ. P. 55(a). Under the Rule, a plaintiff must show this failure by "affidavit or otherwise." *Id.* As a precondition to default judgment, a plaintiff must file an affidavit "stating whether or not the defendant is in military service." *See Otero*, 2021 LEXIS 69113, at *3; *see also* 50 U.S.C. § 3931(b)(1). To obtain an entry of default judgment a plaintiff must also file an affidavit affirming the defendant is a "competent adult." *See Otero*, 2021 LEXIS 69113, at *3. Under Rule 55(b)(2), if the party against whom a default judgment is sought has appeared, the party must be served with written notice of the application for default judgment at least 7 days before any hearing.

## III. LEGAL ARGUMENT

Plaintiff failed to meet fundamental requirements in the filing of his Motion. As an initial threshold to a default judgment entry, a plaintiff must serve defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Otero*, 2021 LEXIS 69113, at *4. Plaintiff's Motion is insufficient because Plaintiff failed to serve a copy of any summons together with his Complaint, as required under the Federal rules. *See* Fed. R. Civ. P. 4(c)(1). The Supreme Court of the United States has explicitly stated that, in the absence of service of process, a court may not exercise jurisdiction over a party. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1991)

(noting "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

Plaintiff failed to serve any SEW Defendants with a summons, and Plaintiff's proof of service contains only receipts of certified mail. *See* ECF Doc. No. 4. Accordingly, Plaintiff did not properly notice SEW Defendants of the time within which they must "appear and defend," and Plaintiff failed to initiate SEW Defendants' obligation to respond to his claims.

Plaintiff also failed to provide notice of his Motion to SEW Defendants, as required by Rule 55. Rather, SEW Defendants only learned of Plaintiff's Motion through the Court's ECF filing system.

Next, Plaintiff did not file the requisite affidavits with his Motion, failure of which will preclude an entry of default judgment, even if the requirements of Rule 55 are otherwise met. *See Ostero*, 2021 LEXIS 69113, at *3 (denying a motion for default judgment because a plaintiff failed to file an affidavit stating the defendant was a competent adult); s*ee also House v. Smith*, 2020 LEXIS 157790, at *5 (E.D. Pa. Aug. 31, 2020) (denying a motion for default judgment because a plaintiff failed to file documentation in accordance with U.S.C. § 3931(b)(1)). *See* ECF Doc. No. 10. There is no affidavit or supporting documentation attached to Plaintiff's motion affirming the individual defendants are "competent adults" or stating whether the individual defendants are in military service. *Id.*; s*ee Otero*, 2021 LEXIS 69113, at *3; *see also* 50 U.S.C. § 3931(b)(1).

Third, Plaintiff's motion contains no affidavit or supporting documentation to bolster the contention that SEW Defendants failed to "plead or otherwise defend" Plaintiff's claims. SEW Defendants appeared by filing the Motion for Extension of Time and signified their intent to defend the suit. This Court has recognized a party may "appear" not only by filing a notice of appearance,

but also by indicating "to the moving party a clear purpose to defend the suit." *See FROF, Inc. v. Harris*, 695 F. Supp. 827, 830 (E.D. Pa. Aug. 19, 1988) (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder L.*, 432 F.2d 689, 691 (D.C. Cir. 1970). SEW Defendants clearly conveyed their intent to defend the suit and asserted both improper service and the intent to file a 12(b) motion to dismiss. *See* ECF Doc. No. 9. This Court has denied a motion for default judgment under similar circumstances, when a defendant requested an extension of time to answer and took no action while awaiting the Court's response. *See McKnight v. Webster*, 499 F. Supp. 420, 424 (E.D. Pa. 1980).

Even if Plaintiff's Motion were not procedurally deficient, entry of default against the SEW Defendants would still be improper. The Third Circuit has made clear three factors considered by the Court when evaluating a motion for default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *See Heil Trailer v. XL Risk Consulting, Inc.*, 2021 LEXIS 57542, at *3 (E.D. Pa. Mar. 26, 2021) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). However, the Court should first "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at *3 (quoting *Serv. Employees Int'l Union 32BJ, Dist. 36 v. Shamrockclean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. Sept. 7, 2018)). As detailed in SEW Defendants' Motion for Extension, Plaintiff's Complaint is devoid of any legally cognizable cause of action. For the reasons set forth above— as well those stated in the SEW Defendants' pending and unopposed Motion for Extension (incorporated herein by reference)—Plaintiff's Motion should be stricken or, alternatively, denied.

**WHEREFORE**, SEW Defendants respectfully request that this Honorable Court strike or,

alternatively, deny Plaintiff's Motion, and further enter judgment in favor of SEW Defendants.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Eileen K. Keefe*

Eileen K. Keefe (PA Bar #93194)
Sarah McKinney (PA Bar #329322)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 857-8196
eileen.keefe@jacksonlewis.com
sarah.mckinney@jacksonlewis.com

*Attorneys for Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, Solar Energy World, LLC*

Date: December 3, 2021