Eileen K. Keefe (PA Bar #93194)
Sarah McKinney (PA Bar #329322)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102
T: (267) 319-7802
F: (215) 857-8196
eileen.keefe@jacksonlewis.com
sarah.mckinney@jacksonlewis.com
Attorneys for Defendants Aloysius E. Gleeson,
Tope Lala, Geoff Mirkin, William McColley,
Solar Energy World, LLC

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JORDAN T. BRESLOW** <br> An individual, <br><br> Plaintiff, <br><br> vs. <br><br> **ALOYSIUS E. GLEESON**, an individual, <br> **TOPE LALA**, an individual, <br> **GEOFF MIRKIN**, an individual, <br> **WILLIAM MCCOLLEY**, an individual, <br> **SOLAR ENERGY WORLD, LLC**, a Maryland limited liability company, <br> **SUN RUN, INC.**, a foreign business corporation, <br><br> Defendants. | CIVIL ACTION NO.: 21-04703 |

**DEFENDANTS', ALOYSIUS E. GLEESON, TOPE LALA, GEOFF MIRKIN, WILLIAM MCCOLLEY, AND SOLAR ENERGY WORLD, LLC, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Of Counsel and on the Brief:
    Eileen K. Keefe, Esq.
    Sarah McKinney, Esq.

**TABLE OF CONTENTS**

I. FACTUAL/PROCEDURAL HISTORY ............................................................................. 1

II. LEGAL ARGUMENT ........................................................................................................ 3

   A. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FAILURE TO STATE A CLAIM. ...................................................................................................... 3

      1. Standard of Review Governing Motions to Dismiss Under 12(b)(6) ....................... 4

      2. Plaintiff's claims against the individual named Defendants should be dismissed for failure to exhaust administrative remedies. ............................................................ 4

      3. Plaintiff's claims against the individual named Defendants should be dismissed because Title VII and the ADA preclude claims for individual liability. .................. 5

      4. Plaintiff's discrimination claims against SEW should be dismissed for failure to state a claim. ....................................................................................................................... 7

         a. Plaintiff's ADA discrimination claim ............................................................. 8

         b. Plaintiff's Title VII religious discrimination claim ........................................ 9

   B. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION. ........................................................................ 10

      1. Standard of Review Governings Motions to Dismiss Under 12(b)(2) ................... 10

      2. Plaintiff's claims against SEW should be dismissed for lack of personal jurisdiction. .............................................................................................................................. 10

      3. In the alternative, Plaintiff's action against SEW should be transferred to the District of Maryland or the District of New Jersey. ............................................................ 12

III. CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Albra v. Advan Inc.*, 490 F.3d at 826, 832-33 (11th Cir. 2007) ....................................................... 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .................................................................. 4

*CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 236 (3d Cir. 2013) .......................................................... 8

*Chang v. Berryhill*, 2018 U.S. Dist. LEXIS 183745, at *4 n.26 (E.D. Pa. Oct. 26, 2018) ............. 1

*Chavez v. Dole Food Co.*, 796 F.3d 261, 270 (3d Cir. 2015) ....................................................... 11

*Daimler AG v. Bauman*, 671 U.S. 117, 126 (2014) ................................................................ 10, 11

*Datto v. Harrison*, 664 F. Supp. 2d 472, 488 (E.D. Pa. Sept. 10, 2009) .................................... 6, 7

*Davies v. Polyscience, Inc.*, 126 F. Supp. 2d 391, 394 (E.D. Pa. Jan. 8, 2001) .............................. 4

*Dreibelbis v. Cty. of Berks*, 438 F. Supp. 3d 304, 311 n.13 (E.D. Pa. Feb. 7, 2020) .................. 7, 8

*Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 431-32 (E.D. Pa. Feb. 9, 2015) ......... 11

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) .................................................... 8

*Gaul v. Lucent Techs.*, 134 F. 3d 576, 580 (3d Cir. 1998) ............................................................. 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) .......................... 11

*Guess v. Phila. Hous. Auth.*, 2019 U.S. Dist. LEXIS 11645, at *4-6 (E.D. Pa. Jan. 24, 2019) ...... 1

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) ............................................................................... 10

*Int'l Shoe Co. v. Wash.*, 360 U.S. 310, 317 (1954) ...................................................................... 10

*Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 505, 512 (E.D. Pa. Feb. 27, 2012) 7, 8

*Koslow v. Commw. of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002) ....................................................... 6

*Lewis-Ugdah v. HBE Corp.*, No. 00-3884, 2000 U.S. Dist. LEXIS 17379, at *15 (E.D. Pa. Dec. 1, 2000) .................................................................................................................................... 12

*Long v. Spalding Auto. Inc.*, 337 F. Supp. 3d 485, 493 (E.D. Pa. Nov. 29, 2018) ......................... 1

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) ................................................................... 1

*McCourt v. A.O. Smith Water Prods. Co.*, No. 14-221, 2015 U.S. Dist. LEXIS 110111, at *11-12 (D.N.J. Aug. 20, 2015) .................................................................................................................. 12

*McInerney v, Moyer Lumbar & Hardware, Inc.*, 244 F. Supp. 2d 393, 398 (E.D. Pa. Dec. 31, 2002) ........................................................................................................................................ 6

*Mellon Bank PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) ........................ 10

*Metzgar v. Lehigh Valley Housing Authority*, No. 98-3304, 1999 U.S. Dist. LEXIS 11908, at *10 (E.D. Pa. July 27, 1999) ............................................................................................................ 6

*Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 157 (3d Cir. 1995) ........................................... 6

*Osadchuk v. CitiMortgage*, No. 15-00024, 2015 U.S. Dist. LEXIS 105719, at *5 (E.D. Pa. Aug. 12, 2015) ............................................................................................................................ 11, 12

*Papa v. Diamandi*, No. 19-846, 2020 U.S. Dist. LEXIS 25812, at *6 (E.D. Pa. Feb. 13, 2020) ... 5

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) . 1

*Perepchuk v. Friendly's Ice Cream Corp.*, 2000 U.S. Dist. LEXIS 20109, at *4 (E.D. Pa. Mar. 28, 2000) .................................................................................................................................... 6

*Peterkin v. Prospect Airport Servs.*, No. 21-490, 2021 U.S. Dist. LEXIS 109612, at *34 (E.D. Pa. June 11, 2021) ....................................................................................................................... 8, 9

*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) .............................................. 4

*Rannels v. Hargrove*, 731 F. Supp. 1214 (E.D. Pa. Feb. 20, 1990) .............................................. 5

*Richards v. Foulke*, 151, F. Supp. 2d 610, 612 (E.D. Pa. July 18, 2001) ..................................... 4

*Rinehimer v. Cemcolift*, 292 F.3d 373, 380 (3d Cir. 2002) .......................................................... 9

*Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) ......................................................... 4, 5

*Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) ....................................... 1

*Schumacher v. Souderton Area Sch. Dist.*, No. 99-1515, 2000 U.S. Dist. LEXIS 563, at *10-11 (E.D. Pa. Jan 21, 2000) ............................................................................................................. 6

*Sheridan v. E.I. Dupont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) .................... 6

*Smith-Cook v. Nat'l R.R. Passenger Corp.*, No. 05-00880, 2005 U.S. Dist. LEXIS 27297, at *8-9 (E.D. Pa. Nov. 10, 2005) ........................................................................................................... 1

*Stern v. California State Archives*, 982 F. Supp. 690, 694 (E.D. Cal. Nov. 18, 1997) ................. 7

*Time Share Vacation Club v. Alt. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d. Cir. 1984) ................. 10

*United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964) ................................................... 12

*Vanderveer v. FedEx Group Package Sys.*, 2017 U.S. Dist. LEXIS 77104, at *14 (E.D. Pa. May 19, 2017) ................................................................................................................................ 9

*Warth v. Seldin*, 422 U.S. 490, 501 (1975) ................................................................................... 1

*Whiteford v. Equifax Inc.*, No. 2:21-94, 2021 U.S. Dist. LEXIS 157141, at *5 (W.D. Pa. Aug. 18, 2021) ................................................................................................................................. 10

**Statutes**

28 U.S.C. § 1391(a) ..................................................................................................................... 12

42 Pa. C.S. §§ 5301, 5322............................................................................................................ 10

42 U.S.C. § 12102(1) .................................................................................................................... 8

42 U.S.C. § 12203(a) .................................................................................................................... 6

42 U.S.C. § 2000e .................................................................................................................. 4, 5, 6

42 U.S.C.S. § 12112...................................................................................................................... 5

*See* 28 U.S.C. § 1406(a).............................................................................................................. 12

*Tlush v. Mfrs. Res. Ctr.*, 315 F. Supp. 2d 650, 654 (E.D. Pa. July 24, 2002) ............................. 4, 5

**Rules**

Fed. R. Civ. P. 4(c) ....................................................................................................................... 3

Fed. R. Civ. P. 4(e) ....................................................................................................................... 3

Fed. R. Civ. P. 4(h) ....................................................................................................................... 3

Defendants, Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, and Solar Energy World, LLC (collectively "SEW Defendants"), submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint (the "Complaint") with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

## I.     FACTUAL/PROCEDURAL HISTORY[1]

Plaintiff Jordan Breslow ("Plaintiff") is a former employee of Solar Energy World, LLC ("SEW").[2]  Compl. p. 7.  SEW hired Plaintiff as a Solar Analyst in its New Jersey Office.  *See* SEW Position Statement, attached hereto as Exhibit B at p. 4.  Plaintiff worked for less than one month, from March 15, 2021 to April 13, 2021, when he abandoned his employment*. Id.*  As a Solar Analyst, Plaintiff served as a sales representative for residential solar products, responded to sales leads, and conducted in-home sales presentations.  *Id.*  Before his employment, SEW advised Plaintiff the position required him to work on Saturdays, one of the busiest days for sales representatives.  *Id.*

---

[1] In ruling on a motion to dismiss, the court may consider public records and "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 562 U.S. 1271 (2011).  This District Court has specifically considered a plaintiff's EEOC Charge attached to a Rule 12(b)(6) motion without converting it to a summary judgment motion when the motion is based on the plaintiff's failure to exhaust administrative remedies.  *See Guess v. Phila. Hous. Auth.*, 2019 U.S. Dist. LEXIS 11645, at *4-6 (E.D. Pa. Jan. 24, 2019); *Long v. Spalding Auto. Inc.*, 337 F. Supp. 3d 485, 493 (E.D. Pa. Nov. 29, 2018); *Chang v. Berryhill*, 2018 U.S. Dist. LEXIS 183745, at *4 n.26 (E.D. Pa. Oct. 26, 2018); *Smith-Cook v. Nat'l R.R. Passenger Corp.*, No. 05-00880, 2005 U.S. Dist. LEXIS 27297, at *8-9 (E.D. Pa. Nov. 10, 2005) ("EEOC Charge of Discrimination is a public record, considered to be undisputedly authentic, and a court may consider the EEOC Charge in deciding a motion to dismiss") (internal citations omitted).  The Court may therefore consider Plaintiff's EEOC Charge and attached documents in deciding this motion. Further, all of the documents attached to this motion are referenced in and attached to Plaintiff's Complaint or matters of public record.

[2] A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.  SEW Defendants generally deny Plaintiff's allegations and denies there is any basis for liability against SEW Defendants.  SEW Defendants acknowledge, however, that the Court must accept Plaintiff's *factual* allegations to be true for purposes of this motion.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *but see Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (any presumption of truth "attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face").

On April 12, 2021 Plaintiff was scheduled to attend a mandatory 9:00 a.m. meeting, but three minutes before the start of the meeting he reported he would not be attending. *Id.* As of April 13, 2021, SEW Defendants could not contact Plaintiff and determined he had abandoned his position. *Id.* On April 14, 2021, Plaintiff missed a second sales meeting and his supervisor, Will McColley ("McColley"), could not reach him after multiple attempts. *Id.* Plaintiff also missed a sales lead scheduled for later the same day. *Id.* McColley had to cover the lead. *Id.* As a Solar Analyst, obtaining sales leads and selling residential solar systems to homeowners is the primary job responsibility. *Id.* Plaintiff's lack of communication contributed to SEW losing the lead, which may have led to a significant financial loss for SEW (upwards of $15,0000). *Id.* The following day, on April 15, 2021, Plaintiff was scheduled to attend another in-home sales meeting. *Id.* He attempted to unilaterally change the in-person meeting to a virtual meeting and did not follow up with the customer. *Id.* SEW lost the lead, which may have cost the company another significant financial loss. *Id.* On April 15, 2021, three days after his last contact with SEW Defendants, Plaintiff sent SEW a FedEx package containing a copy of an EEOC Inquiry, attaching a psychological education evaluation from over eleven years ago (collectively referred to "EEOC Inquiry"). *See* EEOC Inquiry, attached hereto as Exhibit C. The receipt of the EEOC Inquiry was the first time SEW received any information or complaints from Plaintiff related to the allegations in the EEOC Inquiry. *See* Exhibit B at p. 5. Following the receipt of the EEOC Inquiry, on April 16, 2021, SEW placed Plaintiff on investigatory leave. *See* investigatory leave questionnaire with Plaintiff's responses, attached hereto as Exhibit D. At the conclusion of the investigation, on April 27, SEW terminated Plaintiff for misconduct including insubordination, failure to perform job duties, failure to communicate, and job abandonment. *See* termination letter, attached hereto as Exhibit E.

Plaintiff filed an EEOC Charge against SEW on June 18, 2021 alleging discrimination based on religion, disability, and retaliation. *See* EEOC Charge, attached hereto as Exhibit F. After receiving a Notice of Right to Sue Letter, on October 20, 2021, Plaintiff *pro se* filed a Complaint against Sunrun, Inc., SEW, and individual current/former employees of SEW, alleging a violation of his rights under Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA"). Exhibit A. On November 24, 2021, SEW Defendants moved for an extension of time to respond to Plaintiff's Complaint, as Plaintiff did not properly serve SEW Defendants and good cause was shown for the reasonable extension.[3] *See* Motion for Extension, attached hereto as Exhibit G. Later the same day, Plaintiff filed a premature Motion for Default Judgment which SEW Defendants responded in opposition to and moved to strike. *See* Plaintiff's Motion for Default and Defendants' Response, attached hereto as Exhibits H and I. Co-Defendant, Sunrun, Inc. filed a Motion to Dismiss Plaintiff's Complaint for improper service and lack of personal jurisdiction, and now, SEW Defendants respectfully request Plaintiff's Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(2). *See* Sunrun, Inc.'s Motion to Dismiss, attached hereto as Exhibit J; Plaintiff's Response to Motion to Dismiss, attached hereto as Exhibit K.

## II.    LEGAL ARGUMENT

### A.    **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FAILURE TO STATE A CLAIM.**

---

[3] Pursuant to Federal Rule of Civil Procedure 4, a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c). Service to an individual must be made by a non-party individual of at least 18 years old, by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Service to a corporation may be made in the manner prescribed by Rule 4(e)(1), delivering a copy of the summons and complaint to an office or agent authorized to receive service of process on behalf of the corporation. Fed. R. Civ. P. 4(h). Not only did Plaintiff fail to include a summons with a copy of the Complaint, but he mailed the Complaint to SEW Defendants by certified mail which is improper under the Rule absent waiver of service.

3

1. **Standard of Review Governing Motions to Dismiss Under 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a claim does not require detailed factual allegations, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The plaintiff must raise a "reasonable expectation" that discovery will reveal evidence of the elements of the plaintiff's claims. *Twombly*, 550 U.S. at 556. Therefore, a Plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

2. **Plaintiff's claims against the individual named Defendants should be dismissed for failure to exhaust administrative remedies.**

Before pursuing a suit for judicial relief under Title VII and the ADA, a plaintiff must exhaust all administrative remedies by filing a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e; *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997); *Tlush v. Mfrs. Res. Ctr.*, 315 F. Supp. 2d 650, 654 (E.D. Pa. July 24, 2002). Failure to do so may lead to dismissal of the underlying claims. *See, e.g.*, *Richards v. Foulke*, 151, F. Supp. 2d 610, 612 (E.D. Pa. July 18, 2001); *Davies v. Polyscience, Inc.*, 126 F. Supp. 2d 391, 394 (E.D. Pa. Jan. 8, 2001).

Plaintiff filed an EEOC charge against SEW only, alleging discrimination on the basis of religion, disability, and retaliation. In the charge, he did not name the individual defendants that

are named in the instant civil lawsuit.  Plaintiff incorrectly claims to have exhausted administrative remedies by filing an EEOC Charge and receiving a Notice of Right to Sue Letter. *See* Exhibit A at p. 4.  Plaintiff brought this civil lawsuit against SEW and individual current/former employees of SEW including Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, and William McColley.  By failing to include the individual defendants in his EEOC Charge, Plaintiff failed to exhaust his administrative remedies as to these defendants.

SEW Defendants believe Plaintiff will oppose the dismissal of his claims for failure to exhaust administrative remedies on the grounds he perceived the EEOC process as too long.  *See* Exhibit K.  Regardless of his personal preference or opinion of the process, both Title VII, and the ADA require that a plaintiff utilize the proper channels and exhaust administrative remedies before proceeding to litigation.  *See* 42 U.S.C. § 2000e; *Robinson*, 107 F.3d at 1020; *Tlush*, 315 F. Supp. 2d at 654.  This is true even in the case of a *pro se* litigant.  S*ee Papa v. Diamandi*, No. 19-846, 2020 U.S. Dist. LEXIS 25812, at *6 (E.D. Pa. Feb. 13, 2020) (citing *Rannels v. Hargrove*, 731 F. Supp. 1214 (E.D. Pa. Feb. 20, 1990)) (dismissing a *pro se* plaintiff's ADA claims for failure to exhaust administrative remedies).  Plaintiff's claims for discrimination and retaliation against the individual named defendants should be dismissed as a matter of law.

### 3. **Plaintiff's claims against the individual named defendants should be dismissed because Title VII and the ADA preclude claims for individual liability.**

Title I of the ADA prohibits a "covered entity", defined as an "employer", from discriminating against an individual based on disability.  42 U.S.C.S. § 12112.  Similarly, Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.  Both the ADA and Title VII prohibit an employer from retaliating against

an employee for engaging in protected activity.[4] 42 U.S.C. § 12203(a); 42 U.S.C. § 2000e-3(a). Courts have routinely interpreted Title VII and the ADA interchangeably. *See Datto v. Harrison*, 664 F. Supp. 2d 472, 488 (E.D. Pa. Sept. 10, 2009) (citing *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 157 (3d Cir. 1995) (noting the ADA, ADEA, and Title VII serve the same purpose and interpretation of one statute should inform the interpretation of the others.). It is well-established that both Title VII and the ADA do not impose liability on individuals. *See Datto*, 664 F. Supp. 2d at 488; *Sheridan v. E.I. Dupont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) (following the majority of United States Courts of Appeals in declining to impose liability on individuals under Title VII); *Koslow v. Commw. of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA."); *Perepchuk v. Friendly's Ice Cream Corp.*, 2000 U.S. Dist. LEXIS 20109, at *4 (E.D. Pa. Mar. 28, 2000); *Schumacher v. Souderton Area Sch. Dist.*, No. 99-1515, 2000 U.S. Dist. LEXIS 563, at *10-11 (E.D. Pa. Jan 21, 2000); *Metzgar v. Lehigh Valley Housing Authority*, No. 98-3304, 1999 U.S. Dist. LEXIS 11908, at *10 (E.D. Pa. July 27, 1999) (all holding there is no individual liability under ADA).

Under the same analysis, this District Court has held that individual liability is unavailable for ADA retaliation claims. *See Datto*, 664 F. Supp. 2d at 489; *see, e.g.*, *McInerney v, Moyer Lumbar & Hardware, Inc.*, 244 F. Supp. 2d 393, 398 (E.D. Pa. Dec. 31, 2002). Courts have also analyzed the language of the ADA Section 12203 (a), referencing retaliation by 'persons,' as narrowed by the enforcement provisions which incorporate Title VII remedies. *See*

---

[4] The ADA provides, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Similarly, Title VII states, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

6

*Datto*, 664 F. Supp. 2d at 489 (reasoning *"*Because Title VII has been consistently held not to provide a remedy against individual defendants, these courts reason that, by incorporating Title VII remedies in claims involving employment, the retaliation provision of the ADA has been similarly limited.") (citing *Albra v. Advan Inc.*, 490 F.3d at 826, 832-33 (11th Cir. 2007); *Stern v. California State Archives*, 982 F. Supp. 690, 694 (E.D. Cal. Nov. 18, 1997)).

Plaintiff attempts to bring suit against individuals Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, and William McColley for liability under Title VII and the ADA, alleging religious and disability discrimination and retaliation.  However, it is clear neither statute permits such a cause of action against individual current/former employees, and Plaintiff's claims should be dismissed.

### 4. **Plaintiff's discrimination claims against SEW should be dismissed for failure to state a claim.**

Plaintiff does not sufficiently plead claims for discrimination under Title VII or the ADA and should be dismissed under Rule 12(b)(6).  To state a claim for discrimination under the ADA, a plaintiff must allege "(1) [s/he] is 'disabled' within the meaning of the ADA; 2) [s/he] is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and 3) [s/he] has suffered an adverse employment decision as a result of discrimination."  *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 505, 512 (E.D. Pa. Feb. 27, 2012) (quoting *Gaul v. Lucent Techs.*, 134 F. 3d 576, 580 (3d Cir. 1998)); *see also Dreibelbis v. Cty. of Berks*, 438 F. Supp. 3d 304, 311 n.13 (E.D. Pa. Feb. 7, 2020) (*"Koller* would therefore seem to support the proposition that a plaintiff must plead a prima facie ADA-based employment discrimination claim to survive a motion to dismiss.").

To state a claim for discrimination under Title VII, a plaintiff must allege: he is a member of a protected class; (2) he is qualified for the job; (3) he suffered an adverse employment action;

7

and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Peterkin v. Prospect Airport Servs.*, No. 21-490, 2021 U.S. Dist. LEXIS 109612, at *34 (E.D. Pa. June 11, 2021). Unlike under the ADA, a plaintiff need not establish a full prima facie case of discrimination to state a Title VII claim. *See Dribelbis*, 438 F. Supp. 3d at 319 ("[I]n order to survive a motion dismiss…he or she need only set forth sufficient facts to raise a reasonable expectation that discovery will reveal evidence that he or she was a member of a protected class and that she suffered an adverse employment action."). Even so, a plaintiff cannot plead facts "that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Koller*, 850 F. Supp. 2d at 517-18 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).

### a. **Plaintiff's ADA discrimination claim**

Plaintiff does not sufficiently plead a disability discrimination claim under the ADA. First, he does not allege is "disabled" within the meaning of the ADA. Plaintiff makes absolutely no allegations in his Complaint that he suffered a disability as defined under the ADA.[5] Rather he baldly states, "I was the victim of a hostile work environment and discrimination based upon my religion and my disability." Exhibit A at p. 7. Nor does Plaintiff allege he is disabled under the meaning of the ADA in his EEOC Charge. *See* Exhibit F. Rather, he attaches a psycho-educational evaluation from 2010, without explanation. *See* Exhibit A at pp. 221-52. Plaintiff also fails to plead causation. *See CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 236 (3d Cir. 2013) ("Plaintiffs must prove that they were treated differently based on the protected characteristic, namely the existence of their disability."). Plaintiff provides no facts to

---

[5] To qualify as "disabled" under the ADA, a plaintiff must prove one of the following: "(1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

8

support an inference SEW treated Plaintiff differently because of his disability or that SEW even knew of his alleged disability. *See, e.g.*, *Vanderveer v. FedEx Group Package Sys.*, 2017 U.S. Dist. LEXIS 77104, at *14 (E.D. Pa. May 19, 2017) (granting a defendant's motion to dismiss because plaintiff's claim she informed defendant of a previous asthma attack, and defendant's response he "didn't need that happening," did not sufficiently support defendant treated plaintiff differently due to her asthma.); *see also Rinehimer v. Cemcolift*, 292 F.3d 373, 380 (3d Cir. 2002) ("[T]o establish discrimination because of a disability, an employer must know of the disability.").

### b. **Plaintiff's Title VII religious discrimination claim**

Plaintiff fails to plead any facts to plausibly give rise to an inference of religious discrimination. While he concludes he was "harassed" for taking off of work on Passover and his mother's memorial service, and called "lazy" for taking off Saturdays, he does not allege that any similarly situated, non-Jewish employees were treated differently. *See* Exhibit F. To show disparate treatment a plaintiff may allege "similarly situated employees, not within a plaintiff's protected class are treated more favorably." *Peterkin*, No. 21-490, 2021 U.S. Dist. LEXIS 109612, at *39-40 (dismissing a plaintiff's Title VII claim because she failed to allege that "other non-Muslim employees dealt with the same supervisor or were subject to the same standards."). Plaintiff makes no allegations at all that any other employees were discouraged from taking off of work on important religious days. In fact, when asked during the investigation if employees were treated more favorably, Plaintiff responded "That is not the issue at play here." *See* Exhibit D, at question 4.

Construing Plaintiff's *pro se* Complaint liberally, it still does not properly state a claim for disability or religious discrimination under Title VII or the ADA. *See Whiteford v. Equifax*

9

*Inc.*, No. 2:21-94, 2021 U.S. Dist. LEXIS 157141, at *5 (W.D. Pa. Aug. 18, 2021) (recognizing courts hold *pro se* complaints to a less exacting standard, but noting they are still subject to dismissal for deficiencies) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION.

#### 1. Standard of Review Governing Motions to Dismiss Under 12(b)(2)

Federal Rule 12(b)(2) permits a court to dismiss an action based on its lack of personal jurisdiction. When a defendant raises the defense of lack of personal jurisdiction, the plaintiff the burden of proving jurisdiction is proper. *Mellon Bank PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). To meet this burden, the plaintiff must establish a prima facie case for personal jurisdiction through sworn affidavits or other competent evidence. *Id.* at 1223; *Time Share Vacation Club v. Alt. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d. Cir. 1984). Pennsylvania's Long-Arm Statute permits the District Court to exercise both general and specific jurisdiction over nonresident defendants. 42 Pa. C.S. §§ 5301, 5322.

#### 2. Plaintiff's claims against SEW should be dismissed for lack of personal jurisdiction.

Plaintiff fails to allege any facts giving rise to this Court's exercise of personal jurisdiction over SEW. The Supreme Court has recognized two theories of personal jurisdiction. Specific jurisdiction arises when "in-state activities of the corporate defendant ha[d] not only been continuous and systematic, but also g[a]ve rise to the liabilities sued on." *Daimler AG v. Bauman*, 671 U.S. 117, 126 (2014) (citing *Int'l Shoe Co. v. Wash.*, 360 U.S. 310, 317 (1954) (internal quotations omitted). A plaintiff may assert general jurisdiction when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler*, 671 U.S. at 127 (quoting *Goodyear Dunlop Tires*

10

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  With respect to a corporation, its place of incorporation and principal place of business also form the basis for general personal jurisdiction.  *See Daimler*, 571 U.S. at 137.  The Supreme Court acknowledges "in an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."  *See id.* at 761 n.19 (internal citation omitted).  However, "National businesses are not at home in every state."  *Osadchuk v. CitiMortgage*, No. 15-00024, 2015 U.S. Dist. LEXIS 105719, at *5 (E.D. Pa. Aug. 12, 2015) (citing *Chavez v. Dole Food Co.*, 796 F.3d 261, 270 (3d Cir. 2015).

Plaintiff must prove through competent evidence, beyond a mere assertion, that personal jurisdiction exists over SEW.   Specific jurisdiction is not at issue under the facts of this case.  Plaintiff worked out of SEW's New Jersey office and his claims arise out of events occurring at that location.  General jurisdiction is unavailable because SEW is not "at home" in Pennsylvania and lacks sufficient contacts with the state.  SEW's place of incorporation is Maryland, with its headquarters also in Maryland.  Though SEW has an office in Pennsylvania and engages in transactions in the state, the facts do not support a finding of general jurisdiction.  *See, e.g.*, *Chavez*, 796 F.3d at 270 (A company's activities of moving and selling its products does not create personal jurisdiction.); *Osadchuk*, No. 15-00024, 2015 U.S. Dist. LEXIS 105719, at *5 ("Contacts with Pennsylvania which form only a part of multi-state or worldwide activities do not render a defendant 'at home' here."); *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 431-32 (E.D. Pa. Feb. 9, 2015) (Operations in Pennsylvania, including over 4600 deliveries and pickups, 2.77%-3.44% of company's revenue, three employees based there, and paying state taxes does not constitute sufficient contacts); *McCourt v. A.O. Smith Water Prods. Co.*, No. 14-

221, 2015 U.S. Dist. LEXIS 110111, at *11-12 (D.N.J. Aug. 20, 2015) (A Delaware corporation, with a principal place of business in Massachusetts is not at home in New Jersey merely because it leases two office spaces there with 30 or 31 employees). Because SEW's contacts with the forum State are not continuous or systematic, Plaintiff's claims against SEW should be dismissed.

### 3. In the alternative, Plaintiff's action against SEW should be transferred to the District of Maryland or the District of New Jersey.

Improper venue may be raised as a defense under Federal Rule of Civil Procedure 23(b)(3). 28 U.S.C. § 1391(a) governs venue generally and provides:

> "A civil action may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Section 1406(a) permits the court to transfer an action to a district in which the action could have been brought. *See* 28 U.S.C. § 1406(a). The decision to transfer venue is left to the court's discretion. *See Lewis-Ugdah v. HBE Corp.*, No. 00-3884, 2000 U.S. Dist. LEXIS 17379, at *15 (E.D. Pa. Dec. 1, 2000). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases ... whether the court in which it was filed had personal jurisdiction or not." *Osadchuk*, No. 15-00024, 2015 U.S. LEXIS 105719, at *8-9 (citing *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964) (transferring a case to New Jersey where a "substantial part of the acts or omissions" took place.).

Venue in the United States District Court for the Eastern District of Pennsylvania is improper because this Court lacks personal jurisdiction over all Defendants. As analyzed above,

12

Plaintiff cannot bring claims under Title VII and the ADA against the individual named Defendants and this Court lacks personal jurisdiction over Defendant SEW. Nor can this Court assert personal jurisdiction over Co-Defendant Sunrun, Inc., as set forth in Sunrun, Inc.'s Motion to Dismiss. *See* Exhibit J. Furthermore, no part of Plaintiff's claim occurred in Pennsylvania. Venue is proper in the District of New Jersey, where the events giving rise to the claim arose and in the District of Maryland, where SEW is subject to personal jurisdiction.

### III.  CONCLUSION

For these reasons, SEW Defendants respectfully requests that this Court: (1) dismiss Plaintiff's claims against Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, and William McColley because Plaintiff cannot assert individual liability under Title VII and the ADA and has failed to exhaust administrative remedies; (2) dismiss Plaintiff's ADA discrimination claim and Title VII religious discrimination claim against SEW for failure to state a claim; (3) dismiss all of Plaintiff's claims against SEW for lack of personal jurisdiction, or in the alternative, transfer this action to a proper venue under 28 U.S.C. § 1406(a).

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Eileen K. Keefe*
Eileen K. Keefe (PA Bar #93194)
Sarah McKinney (PA Bar #329322)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 857-8196
eileen.keefe@jacksonlewis.com
sarah.mckinney@jacksonlewis.com

*Attorneys for Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, Solar Energy World, LLC*

Date: <u>December 28, 2021</u>