UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JORDAN T. BRESLOW**<br>An individual,<br><br>Plaintiff,<br><br>vs.<br><br>**ALOYSIUS E. GLEESON**, an individual,<br>**TOPE LALA**, an individual,<br>**GEOFF MIRKIN**, an individual,<br>**WILLIAM MCCOLLEY**, an individual,<br>**SOLAR ENERGY WORLD, LLC**, a Maryland limited liability company,<br>**SUN RUN, INC.**, a foreign business corporation,<br><br>Defendants. | CIVIL ACTION NO.: 21-04703 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS', ALOYSIUS E. GLEESON, TOPE LALA, GEOFF MIRKIN, WILLIAM MCCOLLEY, AND SOLAR ENERGY WORLD, LLC, MOTION TO DISMISS PURSUANT TO RULE 41(B)

Defendants, Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, and Solar Energy World, LLC, (collectively, "SEW Defendants"), by and through their undersigned counsel, submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b).

### I.     FACTUAL BACKGROUND

Plaintiff Jordan Breslow ("Plaintiff") is a former employee of Solar Energy World, LLC. *See* Compl. p. 7, ECF No. 1.  Plaintiff filed this action *pro se* in the United States District Court for the Eastern District of Pennsylvania on or about October 20, 2021, alleging a violation of his rights under Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA").  *See* Comp. p. 1.  On November 24, 2021, SEW Defendants moved for an extension of

1

time to respond to Plaintiff's Complaint, as Plaintiff did not properly serve Defendants. *See* Def. Mtn. for Extension, ECF No. 9. Later the same day, Plaintiff filed a premature Motion for Default Judgment which SEW Defendants responded in opposition to and moved to strike. *See* Pl. Mtn. for Default and Def. Resp., ECF No. 10, 17. The Court denied Plaintiff's Motion for Default Judgment and granted SEW Defendants' Motion for Extension. *See* January 10, 2022 Court Order, ECF No. 24. Co-Defendant, Sunrun, Inc. filed a Motion to Dismiss Plaintiff's Complaint for improper service and lack of personal jurisdiction. *See* Sunrun, Inc.'s Mtn. to Dismiss, ECF No. 13. SEW Defendants filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(2). *See* Def. Mtn. to Dismiss, ECF No. 23. Plaintiff failed to respond to SEW Defendants' motion.

On January 10, 2022, this case was placed in suspense and added to the Attorneys Panel for *Pro Se* Plaintiffs in Employment Cases. *See* second January 10, 2022 Court Order, ECF No. 25. The case was later removed from the employment panel, and the Court advised Plaintiff he must represent himself if he seeks to proceed with litigation.

Plaintiff failed to appear for a court ordered hearing on Sunrun Inc. and SEW Defendants' Motions to Dismiss, scheduled by the Court to take place on May 11, 2022. Plaintiff joined the hearing via telephone only after accepting a phone call from chambers. The Court referred Plaintiff to the requirements set forth in Federal Rules of Civil Procedure 8(a) and 10(b), and Plaintiff agreed to file an amended complaint in accordance with the Rules. The Court granted Plaintiff leave to file an amended complaint by June 10, 2022. *See* May 12, 2022 Court Order, ECF No. 33. To date, Plaintiff has not filed an amended complaint or requested an extension. Defendants now move for dismissal.

## II.     LEGAL ARGUMENT

### a. Legal standard

Under Federal Rule of Civil Procedure 41(b), "[i]f the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F.R.C.P. 41(b). The Rule further provides that such a dismissal "operates as an adjudication on the merits." *Id.* In determining whether to dismiss a case under Rule 41(b) courts in the Third Circuit consider six factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Not all of the factors must be satisfied in order to dismiss a complaint. *See Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011). Courts from the Third Circuit have held, however, that consideration of the *Poulis* factors is not necessary where a Plaintiff completely abandons the litigation. *See Joobeen v. City of Phila. Police Dep't*, 2011 U.S. Dist. LEXIS 19216 (E.D. Pa. Feb. 28, 2011) (citing *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994); *Tailaferro v. Darby Twp. Zoning Bd.*, 2008 U.S. Dist. LEXIS 55695 (E.D. Pa. July 22, 2008)). In such circumstances, adjudication of a case on the merits is impossible and the only option is dismissal. *See Jackson v. United States Bankr. Court*, 350 Fed. Appx. 621, 624 (3d Cir. 2009); *Spain*, 26 F.3d at 455.

### b. Dismiss is appropriate because Plaintiff has abandoned this litigation.

Plaintiff's claims should be dismissed because he has abandoned this litigation. Since the filing of his initial complaint on October 20, 2021, Plaintiff has completely disengaged from this

litigation. After SEW Defendants moved to dismiss Plaintiff's claims, Plaintiff failed to respond to the motion. Next, Plaintiff failed to appear for the court ordered hearing on May 11, 2022. Plaintiff violated the Court's May 12, 2022 Order and failed to file an amended complaint by June 10, 2022. Plaintiff did not request an extension to file an amended complaint and disregarded the Court's deadline. Courts in this district have routinely held that failure to file an amended complaint warrants dismissal. *See, e.g., Azubuko v. Bell Nat'l Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007) (dismissal for failure to comply with court order to file an amended complaint); *Binsack v. Lackawanna County Prison*, 438 Fed. Appx. 158, 160-161 (3d. Cir. 2011) (same). [1]

### c. The *Poulis* factors favor dismissal.

As previously stated, consideration of the *Poulis* factors is not necessary where a Plaintiff abandons litigation because adjudication on the merits is impossible. Even so, application of the *Poulis* factors to the extent possible in light of Plaintiff's inaction, also warrants dismissal of this action.

First, as a *pro se* plaintiff, Plaintiff is personally responsible for his failure to file an amended complaint. *See Hall v. Holman*, 265 Fed. Appx. 135, 137 (3d Cir. 2008). Second, Plaintiff's actions have prejudiced SEW Defendants. Plaintiff filed an unintelligible complaint attaching 258 documents. SEW Defendants are unable to properly defend this action without a short and plain statement of Plaintiff's claims and a clear demand for relief. After the May 11, 2022 hearing, Plaintiff has taken no action and has expressed no intention to proceed with the case. *See Taliaferro*, 2008 U.S. Dist. LEXIS 55695 at *6-8 (noting "Defendants are prejudiced by the Plaintiffs' complete inaction. Other than to do what they have now done, Defendants cannot defend an action that Plaintiffs do not pursue.").

---

[1] Given that these Third Circuit cases are non-precedential, out of an abundance of caution SEW Defendants will analyze the *Poulis* factors to support dismissal of this action for failure to prosecute.

Plaintiff has also exhibited a history of dilatoriness, the third factor. Plaintiff failed to respond to SEW Defendants' motion to dismiss Plaintiff's claims. Plaintiff then failed to appear for the court ordered hearing on said motion. After expressly agreeing to file an amended complaint no later than June 10, 2022, Plaintiff failed to do so. The fourth factor cuts in favor of dismissal because Plaintiff's inaction is willful. After failing to appear for the May 11, 2022 hearing, Plaintiff confirmed via telephone that he has access to the court's electronic filing system. However, to avoid missing any further deadlines, Plaintiff requested the Court's Order be sent to Plaintiff's personal email address – the same email address Plaintiff has previously used to email filings to the Court. Plaintiff is clearly receiving all filings and correspondence, and is simply refusing to comply with the Court's Order. His actions are "not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions." *Carter v. United States*, 2014 U.S. Dist. LEXIS 36587, *16 (M.D. Pa. Mar. 20, 2014) (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994)).

The fifth factor, whether a lesser sanction would be effective, also favors dismissal. As previously mentioned, this is the second court order Plaintiff has disregarded. Plaintiff's status as a *pro se* litigant also limits the court's ability to implement a lesser sanction. *See Carter*, 2014 U.S. Dist. LEXIS 36587, *17 (stating "the plaintiff's status as a pro se litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Considering the absence of a pleading before the court, no viable alternative to dismissal exists. *See Elam v.* Pennsylvania, 2019 U.S. Dist. LEXIS 24310, *1 (M.D. Pa. February 13, 2019).

Lastly, as clearly outlined in SEW Defendants' December 28, 2021 motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), the meritoriousness of

Plaintiff's claims weigh in favor of dismissal. *See* Def. Mtn. to Dismiss. Plaintiff failed to exhaust administrative remedies against the individual named defendants in this action. He brought this civil lawsuit against Solar Energy World, LLC and individual current/former employees of Solar Energy World, LLC, including Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, and William McColley, but failed to name the individual defendants in his EEOC Charge. Furthermore, Title VII and the ADA preclude claims for individual liability. Plaintiff also fails to sufficiently plead claims for discrimination against *any* defendant. Finally, Plaintiff fails to allege any facts giving rise to the Court's exercise of personal jurisdiction.

In total, all six *Poulis* factors weigh heavily in favor of dismissal of this action. Therefore, should the Court elect to apply the *Poulis* factors, dismissal is still appropriate.

### III.   CONCLUSION

For these reasons, SEW Defendants respectfully request that this Court dismiss Plaintiff's Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Eileen K. Keefe*
Eileen K. Keefe (PA Bar #93194)
Sarah B. Simanglatt (PA Bar #329322)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 857-8196
eileen.keefe@jacksonlewis.com
sarah.simanglatt@jacksonlewis.com

*Attorneys for Aloysius E. Gleeson, Tope Lala, Geoff Mirkin, William McColley, Solar Energy World, LLC*

Dated:  June 23, 2022

4872-8638-5957, v. 2