IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN T. BRESLOW,<br><br>           Plaintiff,<br><br>   v.<br><br>ALOYSIUS E. GLEESON, et al.,<br><br>           Defendants. | CIVIL ACTION<br>NO. 21-4703 |

**ORDER**

**AND NOW**, this 8th day of July 2022, upon consideration of the Complaint (Doc. No. 1), Defendant Sunrun, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. No. 13), Plaintiff's Response (Doc. No. 22), Defendants Aloysius E. Gleeson, Tope Lala, William McColley, Geoff Mirkin, and Solar Energy World, LLC's Motion to Dismiss for Failure to State a Claim (Doc. No. 23), the Court's Order dated May 12, 2022 (Doc. No. 33), Defendants Aloysius E. Gleeson, Tope Lala, William McColley, Geoff Mirkin, and Solar Energy World, LLC's Motion to Dismiss pursuant to Rule 41(b) (Doc. No. 34), and Defendant Sunrun, Inc.'s Motion to Dismiss pursuant to Rule 41(b) (Doc. No. 35), it is **ORDERED** as follows:

1. The Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. Defendant Sunrun, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. No. 13), Defendants Aloysius E. Gleeson, Tope Lala, William McColley, Geoff Mirkin, and Solar Energy World, LLC's Motion to Dismiss for Failure to State a Claim (Doc. No. 23), Defendants Aloysius E. Gleeson, Tope Lala, William McColley, Geoff Mirkin, and Solar Energy World, LLC's Motion to Dismiss pursuant to Rule 41(b) (Doc. No. 34), and Defendant Sunrun, Inc.'s Motion to Dismiss pursuant to Rule 41(b) (Doc. No. 35) are **DENIED AS MOOT**.

      3.      The Clerk of Court shall close the case for statistical purposes.[1]

---

[1] On October 20, 2021, pro se Plaintiff Jordan Breslow filed the Complaint against Defendants Aloysius E. Gleeson, Tope Lala, William McColley, Geoff Mirkin, Solar Energy World, LLC, and Sunrun, Inc. (Doc. No. 1.) The required form filed with the Complaint indicates that he brings these claims pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. On December 1, 2021, Defendant Sunrun, Inc. filed a Motion to Dismiss for Failure to State a Claim. (Doc. No. 13.) On December 28, 2021, Defendants Aloysius E. Gleeson, Tope Lala, William McColley, Geoff Mirkin, and Solar Energy World, LLC (the "SEW Defendants") filed a Motion to Dismiss for Failure to State a Claim. (Doc. No. 23.)

On May 11, 2022, the Court held a hearing on the record with Plaintiff and counsel for Defendants Sunrun, Inc., Aloysius E. Gleeson, Tope Lala, William McColley, Geoff Mirkin, and Solar Energy World, LLC. Although Mr. Breslow was not physically present at the hearing, he joined by telephone. At the hearing, the Court spoke to Plaintiff regarding the deficiencies in his Complaint and granted him leave to file an amended complaint. The Court made clear to Plaintiff that the amended complaint must comport with the Federal Rules of Civil Procedure, specifically Rules 8(a) and 10(b), as the original Complaint did not do so.

On May 12, 2022, the Court issued an Order granting Plaintiff leave to file an amended complaint by June 10, 2022. (Doc. No. 33.) In the Order, the Court repeated the following instructions to Plaintiff that it had given at the hearing:

> When drafting his amended complaint, Plaintiff should consider the Court's statements on the record at the hearing held on May 11, 2022. Namely, Plaintiff is directed to follow the requirements set forth in the Federal Rules of Civil Procedure, such as those contained in Rule 8(a) and Rule 10(b).
>
> Rule 8(a) has three requirements for a complaint: first, it contain a short and plain statement of the grounds for the Court's jurisdiction; second, it contain a short and plain statement of the claim showing that the pleader is entitled to relief; and third, it contain a demand for the relief sought. FED. R. CIV. P. 8(a). Further, Rule 10(b) has additional requirements, such as that a plaintiff must set forth the claims or defenses in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).
>
> Moreover, any amended complaint that Plaintiff files must identify all defendants in the caption of the amended complaint and must state the basis for Plaintiff's claims against each defendant in the body of the amended complaint. The amended [c]omplaint must identify defendants and the actions taken by these defendants. See Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019). Also, the

> amended complaint must be a complete document that does not rely on the initial Complaint (Doc. No. 1) or other papers filed in this case to state a claim. See Perry v. Well-Path, No. 20-2542, 2020 WL 6822966, at *1 n.4 (E.D. Pa. Nov. 20, 2020).
>
> The amended complaint, once submitted to the Court, will be the operative complaint in the case and will supersede the prior pleading, Plaintiff's initial Complaint (Doc. No. 1).

(See Doc. No. 33.)

Despite the Court's Order repeating these instructions, Plaintiff never filed an amended complaint. On June 23, 2022, the SEW Defendants filed a Motion to Dismiss pursuant to Rule 41(b), arguing that Plaintiff "has abandoned this litigation" and noting that "Plaintiff did not request an extension to file an amended complaint and disregarded the Court's deadline." (Doc. No. 34-1 at 4.) Plaintiff did not respond to this Motion. On July 8, 2022, Defendant Sunrun, Inc. joined the SEW Defendants' Motion to Dismiss Pursuant to Rule 41(b). (Doc. No. 35.)

Since no amended complaint was filed, the Court will dismiss Plaintiff's Complaint (Doc. No. 1) for failure to comply with Federal Rule of Civil Procedure 8. Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Each averment must be "simple, concise, and direct." Id. at 8(d)(1). The Third Circuit has explained that to determine whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." Garrett, 938 F.3d at 93 (citation omitted). As the Third Circuit has held, "a district court may sua sponte dismiss a complaint for failure to comply with Rule 8, but dismissal is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Tillio v. Northland Group Inc., 456 Fed. App'x 78, 79 (3d Cir. 2012) (citing Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). A complaint must comply with Rule 8 in order to "provide an ascertainable factual or legal basis for his claims." Bey v. U.S. Dept. of State, Nat. Passport Center, 416 Fed. App'x. 136, 138 (3d Cir. 2011).

Here, Plaintiff's 258-page Complaint is a series of exhibits, including the record of his EEOC claim. (See Doc. No. 1.) This Complaint, however, fails to demonstrate with clarity that Plaintiff "is entitled to relief" in this Court. FED. R. CIV. P. 8. Further, several of the exhibits include text message exchanges between Plaintiff and his supervisors, a deposition from a third-party witness, and formal disciplinary writeups he was issued by Defendant Solar Energy World, LLC. This collection of exhibits is "so excessively voluminous and unfocused as to be unintelligible" and fails to "communicate the nature of his claim." Binsack v. Lackawanna County Prison, 438 Fed. App'x. 158, 160 (3d Cir. 2011) (affirming dismissal of complaint under Rule 8 after plaintiff did not file amended complaint in accordance with judge's instructions).

3

BY THE COURT:

/s/ Joel H. Slomsky_____
JOEL H. SLOMSKY, J.

---

Moreover, the Complaint fails to list against each Defendant factual averments of the specific incidents from which Plaintiff's claims arise. For example, Plaintiff did not bring an EEOC charge against Defendant Sunrun, Inc., and thus the Complaint is particularly devoid of any information in relation to it. Also, the Complaint does not contain a caption naming all Defendants in accordance with Rule 10(b). Due to these insufficiencies, the Court will dismiss the Complaint (Doc. No. 1) without prejudice.

"[A] district court should generally give leave to amend prior to dismissing" the action. Tillio v. Spiess, 441 Fed. App'x 109, 110 (3d Cir. 2011) (citing Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995)). Here, the Court granted Plaintiff leave to amend. At the hearing held on May 11, 2022, the Court made clear to Plaintiff that his amended complaint must comply with Rules 8(a) and 10(b) and memorialized these instructions in an Order. (Doc. No. 33.) As noted above, Mr. Breslow did not file an amended complaint in compliance with these instructions, and the deadline for the filing of the amended complaint now is long overdue.

For reasons stated above, the Court will dismiss Plaintiff's Complaint (Doc. No. 1) without prejudice and will deny the pending Motions to Dismiss (Doc. Nos. 13, 23, 34, 35) as moot.

4